DENNIS K. BURKE
United States Attorney

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-1857
Fax: (202)307-0054
E-mail: boris.kukso@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT F. SMITH, SR.<br><br>　　　　　Defendant. | Civil No. CV 10-2358-PHX-DGC<br><br>**UNITED STATES' MEMORANDUM OF LAW REGARDING ASSERTION OF THE FIFTH AMENDMENT SELF-INCRIMINATION PRIVILEGE** |

As required by the Court's Order of September 30, 2011 (ECF No. 42), the United States hereby submits its Memorandum of Law Regarding Assertion of the Fifth Amendment Self-Incrimination Privilege. As argued below, the Defendant has not identified any substantial hazards of self-incrimination stemming from his responses to the court-ordered interrogatories and so has not meet the standard for a valid assertion of the Fifth Amendment privilege. The Defendant's claim of the Fifth Amendment privilege is also improper because the information sought in the court-ordered interrogatories is the same as what a taxpayer would have to disclose on a tax return. Lastly, even if the Defendant's claim of privilege is valid, the trier of fact may draw adverse inference from invocation of the Fifth Amendment in this proceeding.

BACKGROUND

This is a civil action brought by the United States to reduce to judgment federal tax assessments for the years 1999-2002. Defendant did not file income tax returns for tax years 2001 and 2002.  After a discovery conference call on August 12, 2011, the Court ordered the Defendant to provide interrogatory answers to four questions about the amount of U.S. Dollars the Defendant received "in exchange for his labors" and "for any other reason" during calendar years 2001 and 2002. The Court order further advised the Defendant that by providing this information, he "does not waive any arguments he may have as to whether or not the dollars received by him during 2001 and 2002 constitute taxable income." ECF No. 35.

Defendant provided identical responses to all four court-ordered interrogatories:

> Defendant invokes his 5th Amendment Right and will not answer this question since I do not understand clearly what the Court is asking, and I am not willing to admit to something that I do not understand. With that being said, I will state that Defendant did not receive any 'income' as defined by the US Supreme Court

In a  subsequent letter to the undersigned counsel, the Defendant stated:

> Please recall that I have notified you in the past of direct threats of prosecution by an IRS agent over the check that I was attempting to present to them in payment of the alleged debt that they claimed that I owed them, as well as the fact that I have not filed a return since 2000. Many of people I know are being charged with crimes for failing to file. They are being convicted even though no evidence was submitted which shows that a return must be filed.
> In order to allay these fears, will you have someone in Authority within the IRS, sign under penalty of Perjury, that the IRS will not institute any prosecution for Criminal charges against me for Tax Years 1999 thru 2011 inclusive.
> For additional assurance, because the IRS has lied to me, (and I believe to you also), and has Perjured themselves in my case in Federal Court in 2007, I have absolutely no trust in them, therefore, I am asking that someone in authority possibly your boss and you, in The Department of Justice, under penalty of Perjury, guarantee me that they will not prosecute me, should the IRS violate their agreement not to bring criminal charges against me.
> This will clearly show, if in fact I have something to fear or not.

During the follow-up discovery conference call on September 29, 2011, the Court stated its view that it did not accept the Defendant's argument that he does not understand the meaning of "U.S. Dollars" in the court's August 12, 2011 order, and ordered further briefing on the Fifth Amendment issue. ECF No. 42.

## LEGAL STANDARD

The Fifth Amendment guarantees that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. Both incrimination and compulsion must be present in order to establish a Fifth Amendment claim. *Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977).

The standard for a valid assertion of the Fifth Amendment privilege is "well established" in the Ninth Circuit. *United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998) . A witnesses "must show that their testimony would 'support a conviction under a federal criminal statute' or 'furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.'"*Id*. (*quoting United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984)). The privilege applies "only where there are 'substantial hazards of self-incrimination' that are 'real and appreciable,' not merely 'imaginary and unsubstantial.'" and  "the existence of such a hazard is generally determined from 'examination of the questions, their setting, and the peculiarities of the case.'" *United States v. Troescher*, 99 F.3d 933, 935 (9th Cir. 1996) (*quoting Rendahl*, 746 F.2d at 555). *See also Minor v. United States,* 396 U.S. 87, 98 (1969) ("[I]maginary and insubstantial hazards of incrimination ... [do not] support a Fifth Amendment claim." (internal quotation marks omitted)).

Where there is no possibility of future criminal prosecution because it is barred by the statute of limitations, there is no valid Fifth Amendment privilege claim. *Brown v. Walker*, 161 U.S. 591, 598 (1896) ("[I]f a prosecution for a crime ... is barred by the statute of limitations, [a witness] is compellable to answer.")  The statute of limitations for willful failure to file a tax return is six years. 26 U.S.C. § 6531(4).

Additionally, the Fifth Amendment privilege does not protect the taxpayer from disclosing the amount of income on a tax return, even if the income is derived from an illegal source. The Supreme Court stated that "If the form of return provided called for answers that the defendant was privileged from making he could have raised the objection in the return, but could not on that account refuse to make any return at all...It would be an extreme if not an extravagant application

- 3 -

of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime." *United States v. Sullivan*, 274 U.S. 259, 264 (1927) (holding that the privilege against self-incrimination is not a defense to prosecution for failing to file a return). *See also United States v. Brown*, 600 F.2d 248, 252 (10th Cir. 1979), cert. denied, 444 U.S. 917 (1979) ("[T]he self-incrimination privilege can be employed to protect the taxpayer from revealing the information as to an illegal source of income, but does not protect him from disclosing the amount of his income." *citing Sullivan*, 274 U.S. at 263)

Finally, an assertion of the Fifth Amendment privilege in a civil case opens the door to an adverse inference by the fact finder. *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) ("Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof.") (citations committed); *see also United States v. Godines*, 120 F.3d 957, 962 (9th Cir. 1997) ("In civil proceedings, however, the Fifth Amendment does not forbid fact finders from drawing adverse inferences against a party who refuses to testify."); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (trier of fact may draw adverse inference from invocation of Fifth Amendment in civil proceeding); *Campbell v. Gerrans*, 592 F.2d 1054, 1058 (9th Cir. 1979) (in civil case, Fifth Amendment does not forbid drawing of adverse inference from silence).

## ANALYSIS

The element of compulsion is present in this case, because the Court ordered the Defendant to answer four interrogatories about how many U.S. Dollars the Defendant received in exchange for his labor or for any other reason in years 2001 and 2002. However, the Defendant can point to no substantial hazard of self-incrimination stemming from his responses to the court-ordered interrogatories. Furthermore, the Defendant's claim of Fifth Amendment privilege is improper because the information sought in the court-ordered interrogatories is the same information a taxpayer has to disclose on a tax return.

No Substantial Hazard of Self-Incrimination

Defendant's stated basis for his Fifth Amendment privilege claim does not identify any

"substantial hazards of self-incrimination" that are "real and appreciable."

In his responses to the Court-ordered interrogatories, the Defendant provides no reason to conclude that his responses would "support a conviction under a federal criminal statute" or "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." The Defendant simply states that he "will not answer this question since I do not understand clearly what the Court is asking, and I am not willing to admit to something that I do not understand." This response makes no reference to any hazard of self-incrimination or any possible prosecution under a criminal statute.

In a subsequent letter, the Defendant states that his fear of a criminal prosecution is based on "direct threats of prosecution by an IRS agent over the check that I was attempting to present to them in payment of the alleged debt that they claimed that I owed them, as well as the fact that I have not filed a return since 2000." Neither of these reasons give rise to a valid claim of the Fifth Amendment privilege in response to the court-ordered interrogatories about U.S. Dollars the Defendant received in calendar years 2001 and 2002.

First, a criminal prosecution for willful failure to file a tax return for 2001 and 2002, is subject to the 6-year statute of limitations. *See* 26 U.S.C. § 6531(4).  The Defendant may not invoke the Fifth Amendment privilege on the basis of a time-barred criminal prosecution.

Second, the Defendant does not provide any background to determine why his attempt to present to the IRS a check "in payment of the alleged debt" would precipitate a "direct threat of prosecution" from an IRS agent, whether this purported threat related to criminal or civil liability, or even when it was made. Assuming for the sake of argument, that Defendant's attempt to present to the IRS a check would gives rise to some form of criminal liability, there is no link between this hypothetical criminal offence and the number of U.S. Dollars the Defendant received in calendar years 2001 and 2002. The information about the money the Defendant received in those years does not furnish a link in the chain of evidence needed for prosecution of some unspecified crime related to a check the Defendant attempted to present to the IRS.

The Defendant has not identified any substantial hazards of self-incrimination stemming

from his responses to the court-ordered interrogatories or shown how his responses would support a conviction under a federal criminal statute. The Defendant may subjectively fear criminal prosecution, but such subjective fears to not meet the standard for a valid assertion of the Fifth Amendment privilege.

<u>Information Sought in Interrogatories Same as Required on Tax Returns</u>

The Fifth Amendment privilege does not protect disclosure of income on a tax return, even if the income is derived from an illegal source. The court-ordered interrogatories seek information about how many U.S. Dollars the Defendant received in calendar years 2001 and 2002.  This is the same information the Defendant would have to disclose on his tax returns. The Defendant did not file federal income tax returns for years 2001 and 2002. The Court should not allow the Defendant to claim the Fifth Amendment privilege in response to interrogatories that seek nothing more than the information the Defendant has to provide on his tax returns.

<u>Adverse Inference Permitted</u>

If the Defendant has a valid claim of privilege, the trier of fact may draw adverse inferences from the invocation of the Fifth Amendment. Thus, in the event that the Defendant does not have to answer the court-ordered interrogatories because of the Fifth Amendment privilege, the fact finder is permitted to draw adverse inferences against the Defendant on the issue of how many U.S. Dollars he received in calendar years 2001 and 2002.

The United States submits that the Defendant has not met the standard for a valid assertion of the Fifth Amendment privilege in response to the court-ordered interrogatories.  In the event that the Defendant's claim of privilege is valid, the trier of fact may draw adverse inference from invocation of the Fifth Amendment in this proceeding.

Dated:   October 12, 2011.

                                        s/ Boris Kukso
                                        BORIS KUKSO
                                        U.S. Department of Justice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

P.O. Box 683
Washington, DC 20044
Attorney for the United States

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the UNITED STATES' MEMORANDUM OF LAW REGARDING ASSERTION OF THE FIFTH AMENDMENT SELF-INCRIMINATION PRIVILEGE has been made this October 12, 2011, by e-mail addressed to:

jbobkat1@cox.net

and by causing a copy thereof to be deposited in the United States Mail in a postage prepaid envelope addressed to:

Robert F. Smith Sr.
11216 S. Shoshoni Dr.
Phoenix, AZ 85044

          s/ Boris Kukso
BORIS KUKSO
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Attorney for the United States