**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV10-2358-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Robert F. Smith, Sr., | |
| Defendant. | |

On August 12, 2011, the Court ordered Defendant Robert Smith to answer Plaintiff's interrogatories about the amount of U.S. dollars he received from various sources and in various forms for tax years 2001 and 2002. Doc. 35. Mr. Smith refused to provide this information, and in a conference call between the parties and the Court on September 29, 2011, Mr. Smith stated that he did not understand what the Court meant by "U.S. dollars" and asserted his Fifth Amendment privilege against self-incrimination. Pursuant to the Court's order on September 30, 2011 (Doc. 42), the parties have submitted briefs on the Fifth Amendment issue. Docs. 43, 46.

**I.    Legal Standard.**

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "In order to assert [this] privilege, witnesses 'must show that their testimony would "support a conviction under a federal criminal statute" or "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime."'" *United States v. Vavages*, 151 F.3d

1185,1192 (9th Cir. 1998) (quoting *United States v. Rendahl,* 746 F.2d 553, 555 (9th Cir.1984) (quoting *Hoffman v. United States,* 341 U.S. 479, 486, (1951)); *see also United States v. Neff*, 615 F. 2d 1235, 1239 (9th Cir. 1980) ("a defendant must be faced with 'substantial hazards of self-incrimination' that are 'real and appreciable' and not merely 'imaginary and insubstantial.'") (internal citations omitted).  Put simply, the Fifth Amendment privilege "may only be invoked when the threat of future criminal prosecution is reasonably particular and apparent." *United States v. Antelope*, 395 F. 3d 1128, 1134 (9th Cir. 2005).  If the statute of limitations bars prosecution for the crime about which the witness is interrogated, the Fifth Amendment privilege does not apply. *Brown v. Walker*, 161, U.S., 591, 598 (1896).  The taxpayer bears the burden of showing that the privilege applies.  *See U.S. v. Baker*, 721 F. 2d 647, 650 (8th Cir. 1983).

**II.    Discussion.**

Plaintiff argues that the Fifth Amendment is not applicable in this case because compelling Mr. Smith to state the amount of money he received in 2001 and 2002 does not subject him to the threat of criminal prosecution because the statute of limitations for failure to file a tax return is six years and has now expired. Doc. 43 at 3 (citing 26 U.S.C. § 6531(4)).  Mr. Smith argues that he has a reasonable fear of criminal prosecution, thus triggering the Fifth Amendment privilege, because (1) the IRS has refused his request for assurances that they won't prosecute him, leading to the "strong indication" that they plan to do just that; (2) the IRS uses a taxpayer's disclosure of an unreported tax liability when deciding whether to prosecute; (3) an IRS employee threatened to take legal action against Mr. Smith for attempting to present the IRS with what the IRS believed to be a bad check; (4) the IRS invariably does not follow statutes and regulations; (5) the IRS has ignored its statutes of limitations in the past; and (6) Mr. Smith's admissions could be used in a prosecution for failure to file a tax return for years not barred by the statute of limitations. Doc. 46 at 15-16.

Mr. Smith's first two arguments are unpersuasive.  The fact that Plaintiff refused

to sign a document, as Mr. Smith requested (*See* Doc. 46 at 6), stating it will not seek to prosecute him for tax years 1999 through 2011, inclusive, and the fact that disclosure of unreported tax liability can be grounds for prosecution, do not make the threat of prosecution in this case – in which the relevant years are barred by the statute of limitations – "reasonably particular and apparent."  *See Antelope*, 395 F. 3d at 1134. Neither are Mr. Smith's fourth and fifth arguments persuasive.  Mr. Smith cites a single case in which the court ruled against the IRS for attempting to collect money that had not been assessed as a tax.  Doc. 46 at 16.  This is not proof that the IRS "invariably does not follow the statutes."  *See id.*  Mr. Smith cites no cases to show that the IRS has ignored its own statutes of limitations.  Moreover, even if Mr. Smith had reason to fear that the IRS may do so in this case, courts routinely enforce statutes of limitations.

Mr. Smith's third argument is inapposite.  He makes no link between the IRS employee's alleged threat to take legal action against him for presenting a bad check and the factual information regarding tax years 2001 and 2002 requested in this case.  While this, and Mr. Smith's other arguments, may establish his subjective fears of prosecution by the IRS, it is not grounds for invoking the Fifth Amendment privilege regarding the particular information the Court has ordered Mr. Smith to provide in this case.  The Supreme Court case to which Mr. Smith cites to support the applicability of the Fifth Amendment requires that a witness must "reasonably believe[]" that the requested information could be used in a criminal prosecution against him.  *Id.* at 3 (citing *Kastigar v. U.S.*, 406 U.S. 441, 445 (1972)).  Here, Mr. Smith's fears of prosecution for the time-barred tax years in question are not reasonable.

Mr. Smith's final argument – that his answers regarding dollars he received in 2001 and 2002 could be used against him in a criminal prosecution for failure to file a tax return for later years – is based on the premise that the admission that he received "U.S. dollars," as the Court worded its order, could subsequently be used to show that he conceded that dollars were the same as "income."  Doc. 46 at 16.  Mr. Smith argues that

by changing the wording of its interrogatories from "income" to "money," and finally to "U.S. dollars," Plaintiff used "trickery" to get Mr. Smith to incriminate himself because Plaintiff intends to use money or dollars to mean "income" even though Mr. Smith argues that this is not the legal definition of "income." *Id.* at 3, 7, 9, 10, 11, 12, 13, 16, 17, 18. The Court fully addressed this concern by adding this paragraph to the order requiring him to disclose the amount of dollars he received in 2001 and 2002: "By providing this information, Defendant Smith does not waive any arguments he may have as to whether or not the dollars received by him during 2001 and 2002 constitute taxable income. Defendant Smith reserves, and may make at a later time in this litigation, all arguments concerning the taxability of dollars received during 2001 and 2002." Doc. 35 at 2.

In a related argument, Mr. Smith claims that answering Plaintiff's questions about how much money he received would compel him to perjure himself because Plaintiff would take his answers to mean "income" even though Mr. Smith claims that this is not the correct legal interpretation. *Id.* at 13. Perjury, however, does not result from a plaintiff or a prosecutor using data provided by a defendant in its most basic form (here "U.S. dollars") to draw a legal conclusion that the defendant, himself, would not make. Here, Plaintiff changed its interrogatory to say "money," precisely because Mr. Smith disclaimed receiving any "income" as he believed it to be defined by the Supreme Court. *Id.* at 8. The Court then more exactly drafted its order to say "U.S. dollars" as an accommodation to Mr. Smith because he argued that Plaintiffs had not defined "money." *See id.* at 9. The government is still left to make the legal argument that the amount of dollars Mr. Smith received qualifies as "taxable income" for purposes of its IRS claim, either in this or in any future case. By his own argument, Mr. Smith wants to claim only that he did not receive "income," not that he did not receive money. *See* Doc. 46 at 7-8. Requiring Mr. Smith to state the amount of "U.S. dollars" he received in 2001 and 2002 does not deprive him of this argument, especially given the wording of the Court's order.

Even if there is no "substantial hazard" that Mr. Smith's answers will be taken in a

later criminal prosecution as proof that Mr. Smith understood "money" to be "income," Mr. Smith may still be able to claim a Fifth Amendment privilege if there is any other possibility that his answers would "furnish a link in the chain of evidence needed to prosecute [him] for a federal crime." *Rendahl*, 746 F.2d 553, 555. Under Federal Rule of Evidence 404(b), the prosecution may use evidence of "other crimes, wrongs, or acts," to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The Court must consider whether Mr. Smith's answers to the interrogatories in this case could potentially form a link in a later criminal case showing that Mr. Smith had the intent, preparation, or plan to violate federal tax laws.

Such a risk is remote. The mere fact that Mr. Smith may report receiving U.S. dollars in 2001 and 2002 has no tendency, on its own, to show that Mr. Smith had an intent or plan to violate tax laws either in 2001 and 2002 or in subsequent years. Even if the Court should find Mr. Smith liable in this case, based, in part, on the information provided in response to the requested interrogatories, this fact also does not give rise to a "substantial threat" of incrimination in a later criminal prosecution. Mr. Smith does not state any particularized reason to show that such a finding would be used to prove intent, plan, or lack of mistake. Mr. Smith's defense for his alleged tax violations for all the years from 1999 to 2002 – and, significantly, the defense he wishes to retain in the event of future criminal prosecutions – is that any dollars he received did not constitute "income," and therefore he had no gross or taxable income to report. Doc. 46 at 11. Answering the interrogatories will not deprive Mr. Smith of this argument. And given the language of the Court's order (Doc. 35 at 2), the government will be foreclosed from arguing that Mr. Smith's statement of the amount of dollars he received in 2001 and 2002 should somehow be viewed as an admission that he received taxable income during those years.

In summary, the Court finds that Mr. Smith has not shown that answering how

many U.S. dollars he received in 2001 and 2002 would create a reasonably particular and apparent threat of criminal prosecution. The Fifth Amendment privilege against self-incrimination therefore does not apply in this case.

**IT IS ORDERED** that Mr. Smith shall comply with the Court's order of August 12, 2011 (Doc. 35) and provide Plaintiff with the information required by the order no later than **November 22, 2011**. The Court reminds Mr. Smith that failure to provide the information required by the order will result in sanctions under Rule 37(b) of the Federal Rules of Civil Procedure, including some or all of the sanctions listed in Rule 37(b)(2)(A).

Dated this 3rd day of November, 2011.

David G. Campbell
United States District Judge