**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>vs.<br><br>Robert F. Smith,<br><br>              Defendant. | No. CV10-2358-PHX-DGC<br><br>**ORDER** |

Defendant seeks the right to pursue an interlocutory appeal under 28 U.S.C. § 1292(b). Doc. 51. A district court may certify an issue for interlocutory appeal under § 1292(b) only when (1) there is a "controlling question of law," (2) on which there are "substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). "All three requirements must be met for certification to issue under that statute." *Best Western Int'l, Inc. v. Govan*, No. CIV 05-3247-PHX-RCB, 2007 WL 1545776, at *3 (D. Ariz. May 29, 2007) (citation, quotation marks, and brackets omitted).

Defendant has not explained why there are substantial grounds for a difference of opinion on the Court's Fifth Amendment ruling. Plaintiff addressed this issue in its response (Doc. 54), and Defendant has filed no reply.

Because § 1292(b) is a departure from the normal rule that only final judgments

are appealable, the statute "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and "applied sparingly and only in exceptional cases," *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Defendant has not shown that this is one of the rare cases appropriate for interlocutory appeal under § 1292(b).

Defendant has also filed a motion for enlargement of time to respond to Plaintiff's discovery until the Court has ruled on Defendant's request for leave to file an interlocutory appeal. Doc. 55. The motion will be granted. Defendant shall respond to Plaintiff's written discovery by January 18, 2012.

**IT IS ORDERED:**

1. Defendant's Motion for Leave to Take Interlocutory Appeal (Doc. 51) is **denied**.

2. Defendant's motion for enlargement of time (Doc. 55) is **granted**. Mr. Smith shall comply with the Court's order of August 12, 2011 (Doc. 35) and provide Plaintiff with the information required by the order no later than **January 18, 2011**. The Court reminds Mr. Smith that failure to provide the information required by the order will result in sanctions under Rule 37(b) of the Federal Rules of Civil Procedure, including some or all of the sanctions listed in Rule 37(b)(2)(A).

Dated this 4th day of January, 2012.

_____
David G. Campbell
United States District Judge