**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>vs.<br><br>Robert F. Smith,<br><br>            Defendant. | No. CV10-2358-PHX-DGC<br><br>**ORDER** |

On January 25, 2012, Defendant Robert F. Smith filed a document titled "Offer of Proof by Affidavit." Doc. 58. The 26-page document, containing 107 paragraphs of factual and legal assertions, sets forth a variety of legal and factual arguments made by Defendant in this case. The document states that its assertions will be deemed true if Plaintiff does not offer proof in rebuttal within 30 days. The document asks the Court to schedule a show-cause hearing. The document also makes various assertions concerning improper conduct and lack of authority on behalf of Plaintiff and Plaintiff's counsel. Plaintiff has filed a response (Doc. 60) and Defendant has filed a reply (Doc. 61).

Defendant's Offer of Proof by Affidavit is not authorized by the Federal Rules of Civil Procedure. Those rules do not permit Defendant to present an offer of proof of this type, demand responses within 30 days, and declare that the assertions in the offer of proof will be deemed true unless rebutted by the opposing party. Nor do the rules allow Defendant to demand a show-cause hearing on the basis of an offer of proof. As a result, any relief requested in Defendant's Offer of Proof by Affidavit (Doc. 58) is **denied**.

Plaintiff has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc. 62. Defendant's response to the motion is due on **April 5, 2012**. In responding to the motion, Defendant must comply not only with Federal Rule of Civil Procedure 56, but also with Local Rule of Civil Procedure 56.1. If Defendant fails to respond to the motion, or fails properly to present evidence giving rise to a question of fact or otherwise to show that Plaintiff is not entitled to judgment as a matter of law, the Court may grant summary judgment in favor of Plaintiff.[1]

Dated this 28th day of March, 2012.

_____
David G. Campbell
United States District Judge

---

[1] The Court's Case Management Order (Doc. 31) established a deadline of November 18, 2011, for motions for summary judgment. Because the schedule in this case was delayed by Defendant's several requests for clarification of his discovery obligations, his assertion of a Fifth Amendment privilege, and his attempt to seek an interlocutory appeal, the Court will not hold the parties to that deadline and will consider the motion filed by Plaintiff on March 1, 2012.