KATHRYN KENEALLY
Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-1857
E-mail: boris.kukso@usdoj.gov
       western.taxcivil@usdoj.gov

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT F. SMITH, SR.<br><br>   Defendant. | Civil No. CV 10-2358-PHX-DGC<br><br>UNITED STATES' MEMORANDUM IN REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT |

   The United States hereby replies to Defendant's Response ("the Response") (ECF No. 64) to the United States' Motion for Summary Judgment ("the Summary Judgment Motion") (ECF No. 62). This reply is supported by the Declaration of IRS Technical Advisor Michael J. Pryor ("Pryor Decl."), the Declaration of Trial Attorney Kukso ("Kukso Decl."), and Exhibit 1 attached thereto.

   Despite having parts of the Response ghost-written by a practicing attorney, Defendant has chosen not to provide any competent evidence regarding the amounts of

UNITED STATES' REPLY

money Defendant made in the tax years at issue, or regarding payments on his tax liabilities. Instead, the Response attacks IRS procedures and repeats frivolous arguments contained in inadmissible "expert reports" by Mr. Michael A. Bigley. Because the government has established the required minimal factual foundation for its assessments, and because Defendant has provided no competent evidence establishing a different liability, the United States is entitled to judgment as a matter of law.

1. At Least Part of the Response Was Ghost-Written By a Practicing Arizona Attorney

On Thursday April 5, 2012, the undersigned attorney for the United States received an e-mail from Mr. Arthur (Art) Allsworth, stating that Mr. Allsworth had ghost-written parts of the Response. Kukso Decl. ¶ 3; Ex. 1. Mr. Allsworth had previously indicated that he was going to represent Defendant in this case and was planning to make an appearance. Ex. 1 at 2. However, according to the e-mail, on the eve of filing the Response, Defendant informed Mr. Allsworth that Defendant was going to file the Response pro se, even though it contained Mr. Allsworth's work-product. *Id.*, at 1.

The courts agree that a pro se litigant's filing documents ghost-written by an attorney is highly inappropriate. *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1222 (D. Haw. 2010), *see also Ricotta v. State*, 4 F. Supp. 2d 961, 986 (S.D. Cal. 1998) and cases cited therein. Ghost-writing in this case is problematic because it improperly affords Defendant the benefit of the liberal standard used to evaluate motions filed by pro se litigants (*see e.g. Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). (Ghost-writing also implicates the responsibilities imposed on counsel by Fed. R. Civ. P. 11 and violates counsel's duty of candor to the tribunal.) In light of assistance Defendant received from an attorney, this Court should not construe the Response liberally, as may otherwise be appropriate in viewing a filing by a pro se litigant. *Smallwood*, 730 F. Supp 2d at 1222.

2. Mr. Smith's Federal Income Tax Liabilities for 1999, 2000, 2001, and 2002 Are Established

In support of the Summary Judgment Motion, the United States submitted Forms 4340 reflecting assessments and payments made on Defendant's liabilities for the years at issue. Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the United States, carrying a presumption of correctness. *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992). Some cases in the Ninth Circuit have added the additional requirement that proof of a valid tax assessment be supported by a minimal evidentiary foundation. However, those cases typically involve unreported illegal income. *See, e.g., Hardy v. Comm'r*, 181 F. 2d 1002, 1005 (9th Cir. 1999); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997). Although this case does not involve illegal income, United States also submitted documentation of Defendant's unreported income in 2000, 2001, and 2002. and the tax returns Defendant filed for years 1999 and 2000. This evidence more than meets the government's burden to produce facts establishing Defendant's tax liabilities.

Defendant cannot rest on mere allegations or denials. *Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 959–60 (9th Cir.1994). Unless Defendant comes forward with contrary evidence in admissible form sufficient to rebut the presumption of correctness in favor of the information contained in the above-described Forms 4340, the United States is entitled to judgment as a matter of law for the unpaid assessed balances, plus statutory interest and penalties accruing to the date of payment. *United States v. Hart*, 98 A.F.T.R. 2d 2006-7512 (Ariz., 2006) (where the government submitted Forms 4340 to the Court, taxpayer's allegations of purported errors in the assessments without the support of any specific facts were held insufficient, and summary judgment was entered in favor of the government).

Defendant has not come forward with any admissible evidence to contradict the amount of tax liabilities as asserted by the government.

3. Mr. Bigley's Declarations Are Not Admissible

The Response includes six declarations by Mr. Michael A. Bigley (Exhibits A-F). Mr. Bigley is not qualified as an expert and his declarations are not reliable. *United States v. Hinck*, 813 F.2d 1450, 1457 (9th Cir. 1987) (determination whether expert witness's qualifications to testify are adequate is within trial court's discretion). The Court should conclude that Mr. Bigley's declarations are not admissible.

Mr. Bigley's declarations should not be considered because (1) they are not based on personal knowledge (on summary judgment, "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated" Fed. R. Civ. P. 56(c)); (2) because his opinions about IRS procedures and Federal Income Taxation are not reliable in light of his history of making frivolous and unsupported arguments and his lack of qualifications; (3) because his declarations go beyond the scope of his reports provided in the expert disclosure (*see LaMarca v. United States*, 31 F. Supp. 2d 110, 122-123 (E.D.N.Y. 1998) (striking portions of expert's testimony not expressed in report, and noting that expert testimony exceeding bounds of report is automatically excludable pursuant to Rule 37(c)(1))); (4) because the declarations constitute improper expert testimony about legal principles (*see Stobie Creek Invs. LLC v. United States* 608 F.3d 1366, 1383-1384 (Fed. Cir. 2010) (because interpretation of tax laws and regulations presents issue of law, it was not abuse of discretion to exclude expert testimony related to those questions)).

Although Mr. Bigley filed an "expert report" (ECF No. 39), he is not an expert within the meaning of Federal Rule of Evidence 702. Regarding his qualifications Mr. Bigley states that he has expertise in computers and databases, and that he "is considered

an expert by others on Master File Decoding because of the skills I have obtained in my lifetime, along with over 6,000 hours in research and analysis of IMF records, data, and files presented by the IRS, to taxpayers. I have been researching and studying IRC, IRM, and 6209 Manual since 2001." ECF No. 64 at 102, ¶ 1. However, Mr. Bigley is not a CPA, an attorney, or an enrolled agent.[1] While Mr. Bigley may have spent many hours looking at IRS records, there is no indication that his opinions regarding IRS records or IRS procedures have any reliability or trustworthiness.

In fact, Mr. Bigley's history of advancing frivolous arguments in tax matters indicates that his opinions on Federal Income Taxes do not go beyond tax-defier rhetoric. In his own case in the United States Tax Court (Case No. 14223-08), Mr. Bigley made so many frivolous and groundless arguments and allegations of fraud against the IRS and the court, that the Tax Court did not even address his arguments and allegations so as not to suggest that "these arguments have some colorable merit," and imposed on Mr. Bigley a $5,000 penalty under I.R.C. § 6673(a)(1) for taking frivolous or groundless positions in the proceeding. *Bigley v. Comm'r*, T.C. Memo 2010-29, 99 T.C.M. (CCH) 1125 (citing *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)).

In this case, Mr. Bigley continues to advance frivolous and groundless arguments about the Internal Revenue Code and the IRS. In his "expert report," Mr. Bigley outlines tax-defier arguments about inefficacy of I.R.C. § 6020(b). ECF No. 39. These arguments are of no consequence whatsoever. Section 6020(b) provides the IRS with a mechanism for determining the tax liability of a taxpayer who has failed to file a return. *In re Bergstrom*, 949 F.2d 341, 343 (10th Cir. 1991) "Courts have held that 26 U.S.C. § 6020(b) provides the IRS with some recourse if a taxpayer fails to file a return as required under 26 U.S.C. § 6012, but that it does not excuse a taxpayer from the filing requirement."

---

[1] An enrolled agent can represent taxpayers before the IRS by either passing a three-part comprehensive IRS test covering individual and business tax returns, or through experience as a former IRS employee. Enrolled agents also must complete 72 hours of continuing education courses every three years. *See* 31 C.F.R. Part 10 – Practice Before the Internal Revenue Service.

Mr. Bigley's declarations in support of the Response purport to analyze IRS records and Forms 4340 submitted as Summary Judgment Exhibits 1, 3, 7, and 10. Mr. Bigley concludes that each Form 4340 is "fabricated evidence" because it "has been created or fabricated, and does not reflect the records or data in Defendant's IMF record." ECF No. 64, at 61, 73, 83. Mr. Bigley has no personal knowledge of such alleged fabrications and offers no evidence that Forms 4340 are incorrect. Instead, Mr. Bigley's conclusions are based on his flawed legal theories and perceived inconsistencies in IRS forms.[2] Mr. Bigley also opines about the mistakes IRS made in calculating interest, but does not provide his own calculations. ECF No. 64, at 95-101 (Ex. E).

Finally, Mr. Bigley articulates frivolous arguments about inadequacies of Forms 4340 as proof of tax assessments, which arguments are repeated throughout the Response. *Id.*, at 102-111 (Ex. F). All arguments that Forms 4340's do not provide evidence of tax assessments are patently frivolous in light of established case law, and will not be addressed any further in this brief. *See Huff v. United States*, 10 F.3d 1440, 1445-46 (9th Cir. 1993) (concluding that Form 4340 which includes the "23C date" provides presumptive evidence that a tax has been validly assessed).

Mr. Bigley's declarations are not based on personal knowledge, go beyond the scope of Mr. Bigley's disclosed report, constitute improper legal opinion, and repeat frivolous tax-defier arguments rejected by the courts. This, together with Mr. Bigley's history of making frivolous arguments and his lack of qualifications, provides the Court with ample grounds to rule that Mr. Bigley's declarations are inadmissible.

3. Defendant's Exhibits G-Q Are Not Admissible

Exhibits G-Q included with the Response are inadmissible because they are not authenticated. Under Federal Rule of Evidence 901(a), "to satisfy the requirement of

---

[2] As explained in Section 4 below and in the Declaration of Michael J. Pryor, none of these "inconsistencies" are real.

6   UNITED STATES' REPLY

authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (collecting cases).

In this case, no declaration authenticates documents offered as Exhibits G-Q. None of the documents are certified or under seal and so are not self-authenticating under Federal Rule of Evidence 902. Moreover, documents offered as Exhibits G, H, I, J, M, and O appear to have been digitally altered with text boxes and arrows. These exhibits do not even bear internal indicia of reliability and authenticity. Although Exhibits G-Q are not admissible, the discussion below addresses why the exhibits offered do not create a triable issue of material fact regarding Defendant's tax liabilities.

### 4. Defendant's Denials Are Not Supported By and Do Not Constitute Contrary Evidence Sufficient to Create a Material Issue of Fact for Trial

Defendant's Separate Statement of Facts (DSSOF) contains a number of paragraphs containing headings "Defendant Denies" and "Defendant Declares." The Defendant does not actually provide a sworn affidavit or a declaration, and DSSOF is not signed under penalty of perjury (ECF No. 64 at 31:24-29). Therefore these denials and "declarations" by themselves do not constitute admissible evidence.

In DSSOF, Defendant admits (or claims not to have sufficient knowledge of) all the facts submitted by the United States in support of the Summary Judgment Motion except the following, which he denies: 3, 4, 7, 16, 23, 26. As discussed in detail below, none these denials are supported by evidence. Instead they are based on frivolous arguments about illusory inconsistencies in IRS records.

Most of the denials rely on Defendant's dissatisfaction with Forms 4340 submitted by the government. The forms show assessments, abatements, payments, and other matters

for each of the tax years at issue. None of the "problems" Defendant and Mr. Bigley identify with the forms are real, but in abundance of caution, the Declaration of Michael Pryor provides further explanation of the entries that appear on these forms.

For example, Defendant argues that because Form 4340 created on October 27, 2011 show abatements dated October 31, 2011, the form is "false, flawed, and faulty, and was created to mislead, deceive or trick the Defendant and the Court into believing something that is not true." ECF No. 64 at 5:14-20. In fact, IRS records show future dates of abatements, adjustments, and refunds, if those actions have been scheduled in the system. Pryor Decl. at ¶ 17. In this case, Form 4340 created on October 27 shows abatements scheduled for October 31. *Id.*

Considering Defendant's stated reasons for denying Facts 3, 4, 7, 16, 23, 26 in turn, the United States submits that none of them are supported by evidence sufficient to create a material issue of fact.

Defendant denies Fact 3, which concerns Mr. Smith's tax assessments for 1999. The tax liability for this year is based on the joint tax return filed by Mr. and Mrs. Smith.[3] With respect to tax liabilities of spouses who filed a joint tax return, the IRS creates a separate assessment (or a split spousal assessment) if one of the spouses later files for innocent spouse relief under I.R.C. § 6015(b), submits an offer in compromise (which allows a taxpayer to settle his or her tax debt for less than the full amount owed), receives a bankruptcy discharge, petitions the Tax Court, requests an installment agreement, or because of a number of other events specified in the Internal Revenue Manual 21.6.8. Consistent with this practice, a separate assessment was created for Mr. Smith for this year. Pryor Decl. at ¶¶ 6-7.

Defendant repeatedly claims that the Form 4340 showing the assessments for tax year 1999 is false and misleading, but none of the "problems" the Response identifies are

---

[3] Because Mrs. Smith is not a party to this suit, I.R.C. §6103 prohibits the government from disclosing any information about her separate tax liabilities.

real. The form simply reflects the IRS records for that year. *Id.* at ¶¶ 8-10.

Defendant points to Exhibit L containing Form 668(Z) Certificate of Release of Federal Tax Liens for Mrs. Smith (ECF No. 64 at 124-25) as evidence that the joint liabilities for this year have been satisfied. Even if this exhibit were admissible, it does not provide any evidence that the tax liabilities in question were satisfied."It is well settled that although a certificate of tax lien release is conclusive that the lien is extinguished, it is not conclusive that the tax liability is extinguished." *Boyer v. Comm'r of Internal Revenue*, T.C. Memo 2003-322, 86 T.C.M. (CCH) 615, 2003 WL 22725293, at *3 (2003) (citing I.R.C. § 6325 and cases); *see also* 26 C.F.R. § 301.6325-1(a)(1) ("[i]n all cases, the liability for the payment of the tax continues until satisfaction of the tax in full or until the expiration of the statutory period for collection ...").

Defendant denies Fact 4, which states that Defendant has no evidence to show that payments and credits shown on Form 4340 for tax year 1999 are incorrect.  However, the Response provides to no independent evidence of errors on Form 4340.

Defendant denies Fact 7, which concerns Mr. Smith's assessments for 2000, again without providing any evidence. The tax liability for this year is based on joint tax return filed by Mr. and Mrs. Smith and a subsequent audit. Consistent with the IRS practice to create separate spousal assessments if one of the spouses later submits an offer in compromise, a separate assessment was created for Mr. Smith for this year. Pryor Decl. ¶ 12. Defendant's claims that the form problematic are wrong: the form simply reflects the record of assessments and abatements for that year. *Id.* at ¶¶ 13-20.

Defendant points to Exhibit H (ECF No. 64 at 116-17) as evidence that Mrs. Smith paid $17,118.13 to the IRS, which, according to Defendant, should have decreased his joint liabilities for 1999 or 2000. Defendant has no evidence, however, that this payment was intended to be applied to Mr. and Mrs. Smith's joint liability, rather than to Mrs. Smith's separate liability for this or some other year. The IRS has reviewed the payment history for Mr. Smith's joint liability for tax years 1999 and 2000, and there are no credits

or payments applicable to Mr. Smith's joint liability for tax for 1999 or 2000 that have not been reflected on Mr. Smith's account. Pryor Decl. at ¶¶ 11 and 21.

Defendant denies Facts 16 and 23, which relate to the assessments for years 2001 and 2002. For those years, Mr. Smith did not file tax returns, and the tax liabilities were determined by the IRS based on information provided by third parties. Defendant's frivolous arguments focus on I.R.C. § 6020(b), which provides a mechanism for determining the tax liability of a taxpayer who failed to file a return, and on the Forms 4340. However, the forms accurately show assessments and abatements for the two years. Pryor Decl ¶¶ 22-27.

Lastly, Defendant denies Fact 26, regarding the calculation of the total amount owed by Mr. Smith as of December 31, 2011. The United States acknowledges that the dollar figure for year 1999 was incorrectly copied from Exhibit 13, and so the total amount owing was misstated. *See* Second Notice of Errata (ECF No. 67). Except for this error, Defendant identifies no admissible evidence that would create a material issue of fact regarding the amounts owed.

"While one might not be enthusiastic about paying taxes, it is still true that 'taxes are the life-blood of government, and their prompt and certain availability an imperious need.'" *United States v. National Bank of Commerce*, 472 U.S. 713, 732 (1985) (quoting *Bull v. United States*, 295 U.S. 247, 259 (1935)). Defendant abdicated his duties under the tax laws to accurately report his income, to file tax returns, and to pay his taxes. Instead he has chosen to cling to tax-defier rhetoric and allegations of IRS conspiracy against him. In response to this Summary Judgment Motion, Defendant offers nothing but an array of frivolous arguments and purported inaccuracies in the IRS records, none of which are either true, material, or legally sufficient to rebut the presumption of correctness in this case. The United States is entitled to entry of judgment as a matter of law.

WHEREFORE, the United States requests that the Court grant the United States'

Motion for Summary Judgment.

Dated: April 20, 2012.

        KATHRYN KENEALLY
        Assistant Attorney General

        By:   s/ Boris Kukso
        BORIS KUKSO
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, D.C. 20044

        Of Counsel:
        ANN BIRMINGHAM SCHEEL
        Acting United States Attorney

        Attorneys for the United States

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' MEMORANDUM IN REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION FOR SUMMARY JUDGMENT has been made this April 20, 2012, by causing a copy thereof to be deposited in the United States Mail in a postage prepaid envelope addressed to:

Robert F. Smith Sr.
11234 S. Shoshoni Dr.
Phoenix, AZ 85044


 s/ Boris Kukso
BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice