KATHRYN KENEALLY
Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-1857
E-mail: boris.kukso@usdoj.gov
        western.taxcivil@usdoj.gov

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ROBERT F. SMITH, SR. <br> Defendant. | Civil No. CV 10-2358-PHX-DGC <br><br> **DECLARATION OF IRS TECHNICAL ADVISOR MICHAEL J. PRYOR IN SUPPORT OF UNITED STATES' REPLY** |

I, Michael J. Pryor, pursuant to 28 U.S.C. § 1746, hereby declare that:

1. I am a duly commissioned Technical Advisor in the Small Business/Self-Employed Division of the Internal Revenue Service with a post of duty in Lakewood, Colorado.

2. In my capacity as a Technical Advisor, I am familiar with IRS records and the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters. I am also

familiar with IRS collections procedures and processes, and have access to and am readily familiar with IRS records, administrative files, and computerized information regarding the investigation of the federal tax liabilities of the taxpayers assigned to me. I also have personal knowledge of the manner in which such IRS's records, administrative files, and computerized information are created and maintained.

3. My official duties also include researching and computing current outstanding balances of liabilities owed by taxpayers involved in litigation. I am authorized to access the IRS Individual Master File and Business Master File, which are electronic records of assessments, payments and other information.

4. In the course of my duties, I have access to the IRS' files concerning Mr. Robert F. Smith Sr.'s ("Mr. Smith") unpaid federal tax liabilities for tax years 1999, 2000, 2001, and 2002.

5. The following explanations concern Mr. Smith's Forms 4340 for tax years 1999, 2000, and 2001 that were submitted with the Summary Judgment Motion as Exhibits 1, 3, and 7, respectively.

<u>Tax Year 1999</u>

6. With respect to tax liabilities of spouses who filed a joint tax return, the IRS creates a separate assessment (or a split spousal assessment) if one of the spouses later files for innocent spouse relief under I.R.C. § 6015(b), submits an offer in compromise (which allows a taxpayer to settle his or her tax debt for less than the full amount owed), receives a bankruptcy discharge, petitions the Tax Court, requests an installment agreement, or because of a number of other events specified in the Internal Revenue Manual 21.6.8.

7. Consistent with the practice described in paragraph 6 above, a separate assessment was created for Mr. Smith for tax year 1999.

8. The "COLLECTION STATUTE EXTENSION" entry on Page 12 of Mr.

2

Smith's Form 4340 for 1999 reflects that the time for collecting Mr. Smith's year 1999 tax liability was suspended by filing of this lawsuit pursuant to I.R.C. §6502(a).

9. The "OFFER IN COMPROMISE" entries on Page 12 were entered in error and were corrected as shown by the "CORRECTION OF OFFER IN COMPROMISE" entries on Page 13.

10. The entry "DUPLICATE SPOUSE ASSESSMENT" on Page 12 indicates that a separate spousal assessment was created in respect to Mr. Smith's spouse, who filed the joint tax return with Mr. Smith for tax year 1999. The dates of assessments remain the same, which is why there is no corresponding date in the Assessment Date (23C RAC 006) column.

11. I have reviewed the payment history for Mr. Smith joint liability for tax year 1999. There are no credits or payments applicable to Mr. Smith's joint liability for 1999 that have not been reflected on Mr. Smith's account.

<u>Tax Year 2000</u>

12. Consistent with the practice described in paragraph 6 above, a separate assessment was created for Mr. Smith for tax year 2000.

13. The entries for OFFERS IN COMPROMISE on Page 4 of Mr. Smith's Form 4340 for year 2000 were made in error and were corrected as shown by the "CORRECTION OF OFFER IN COMPROMISE" entries on Page 5.

14. The "COLLECTION STATUTE EXTENSION" entry on Page 4 reflects that the time for collecting Mr. Smith's year 2000 tax liability was suspended by filing of this lawsuit pursuant to I.R.C. §6502(a).

15. The entry "DUPLICATE SPOUSE ASSESSMENT" on Page 5 indicates that a separate spousal assessment was created in respect to the other individual who filed the joint tax return with Mr. Smith for tax year 1999. The dates of assessments remain the same, which is why there is no corresponding date in the Assessment Date (23C RAC 006) column.

3

16. On October 31, 2011, the IRS abated $99 of assessed tax. The abatement appears on Page 5 of Form 4340.

17. The date of the abatement is October 31, 2011, and it appears on Form 4340 that was generated on October 27, 2011 because the abatement was scheduled for that date. The IRS records show future dates for abatements, adjustments, and refunds, if those actions have been scheduled in the system.

18. The IRS also abated $56.12 of the assessed Late Filing Penalty, and $24.75 of the assessed Failure to Pay Penalty. These penalty abatements were calculated and entered automatically by the computer system based on the $99 abatement of assessed tax.

19. The system dated the Late Filing Penalty abatement with the date of the original assessment (11-26-2001), and Failure to Pay Penalty abatement with the same date as the tax abatement (10-31-2011) in order to ensure accurate calculation of interest and accruals owed by Mr. Smith.

20. The interest assessed on this account did not require abatement because interest continues to accrue until paid, as provided by I.R.C. § 6601.

21. I have reviewed the payment history for Mr. Smith's joint liability for tax year 2000. There are no credits or payments applicable to Mr. Smith's joint liability for tax for 2000 that have not been reflected on Mr. Smith's account.

### Tax Year 2001

22. The amounts for Adjusted Gross Income, Taxable Income, and Self Employment Tax on Page 1 of Mr. Smith's Form 4340 for 2001 show the dollar amounts as determined during the 2004 examination of Mr. Smith's income tax liability. Subsequently, the IRS abated some of Mr. Smith's liabilities for this year, which reduced Mr. Smith's liabilities as shown on Page 3.

23. The "COLLECTION STATUTE EXTENSION" entry on Page 3 reflects that the time for collecting Mr. Smith's year 2001 tax liability was suspended by filing of this lawsuit pursuant to I.R.C. §6502(a).

24. On October 31, 2011, the IRS abated $18,478 of assessed tax.

25. The date of the abatement is October 31, 2011, and it appears on the Form 4340 that was generated on October 27, 2011 because the abatement was scheduled for that date. The IRS records show future dates for abatements, adjustments, and refunds, if those actions have been scheduled in the system.

26. The IRS also abated $4,157.55 of the assessed Late Filing Penalty, $725.28 of the assessed Estimated Tax Penalty, and $4,519.50 of the assessed Failure to Pay Tax Penalty. These penalty abatements were calculated and entered automatically by the computer system based on the $18,478 abatement of assessed tax.

27. The system dated the Late Filing Penalty abatement and the Estimated Tax Penalty abatement with the date of the original assessments (11-22-2004), and the Failure to Pay Tax Penalty abatement with the same date as the tax abatement (10-31-2011), in order to ensure accurate calculation of interest and accruals owed by Mr. Smith.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 04/18/2012

MICHAEL J. PRYOR
Technical Advisor
Internal Revenue Service

5