KATHRYN KENEALLY
Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 353-1857
E-mail: boris.kukso@usdoj.gov
           western.taxcivil@usdoj.gov

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
*Of Counsel*

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT F. SMITH, SR.<br><br>　　　　Defendant. | Civil No. CV 10-2358-PHX-DGC<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO LACK OF EVIDENCE AND MOTION TO STRIKE |

　　　　The United States hereby files its response in opposition to Defendant's Motion to Dismiss Due to Lack of Evidence ("the Motion to Dismiss") (ECF No. 68). The Motion includes Attachment #1 entitled Defendant's Motion to Strike Plaintiff's Certified Forms 4340 Exhibits 1, 3, 7, and 10 ("the Second Motion to Strike") (ECF No. 68-1).

　　　　The two motions add nothing to Defendant's Motion to Strike Plaintiff's Certified Forms 4340 ("the First Motion to Strike) (ECF No. 36), Defendant's "Offer of Proof by

Affidavit" (ECF No. 58), and Defendant's Response to the United States' Motion for Summary Judgment (ECF No. 68). The United States responded to the First Motion to Strike and the Court denied it (ECF No. 48); the United States responded to the "Offer of Proof by Affidavit," and the Court denied any relief requested in that Offer (ECF No. 63). The United States has also filed its Reply to Defendant's Response to the United States' Motion for Summary Judgment (ECF No. 69). Because the Second Motion to Strike and the Motion to Dismiss simply re-state the points Defendant made more than once before, and many of the issues have been briefed and ruled on, the following response will be brief.

### The Motion to Dismiss

Procedurally, a "Motion to Dismiss Due to Lack of Evidence" is not authorized by the Federal Rules of Civil Procedure. The Motion to Dismiss is untimely under Rule 12(b)(6), nor is it a motion for summary judgment under Rule 56. Substantively, the Motion to Dismiss is primarily based on Defendant's misunderstanding of the relevant burdens of proof, and on arguments advanced by Defendant's "expert" Mr. Bigley regarding Forms 4340.

It is not the case that "the only proof provided by the Plaintiff are the Certified Forms 4340." ECF No. 68 at 3:3-5. In support of its Summary Judgment Motion, the United States submitted Forms 4340 reflecting assessments and payments made on Defendant's liabilities for the years at issue. It is well-settled law that Forms 4340 provide sufficient evidence to shift the burden of proof from the government to the taxpayer. *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir.), *cert. denied*, 506 U.S. 891 (1992) (the argument that the Form 4340 cannot prove that a valid assessment was executed is "beneath the weight of authority"). The United States also submitted documentation of Defendant's unreported income in 2000, 2001, and 2002, and the tax returns Defendant

filed for years 1999 and 2000. Defendant has provided no evidence that the assessments and payments reflected on the Forms 4340 are incorrect.

It is not the case that "there was no proper assessment done as mandated by statute for the years 2001 and 2002." ECF No. 68 at 7:2-3. The United States has shown that a duly authorized delegate of the Secretary of Treasury made assessments against Defendant under the authority of 26 U.S.C. § 6203; that timely notice of these assessments has been given and demand for payment has been made upon Defendant, as required by 26 U.S.C. § 6303; and that despite notice and demand for payment, Defendant has neglected, refused, or failed to pay the assessments against him.

It is not the case that "thru trickery and deceit [the government] presented this joint debt to the Court as solely belonging to Defendant." ECF No. 68 at 9:12-13. Defendant is jointly and severally liable for the liabilities based on the jointly filed returns for years 1999 and 2000. "[I]f a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." 26 U.S.C. § 6013(d)(3). As a consequence of this joint and several liability, the government can proceed against either or both of the spouses, without regard to their relative contributions to the total income. *Furnish v. Comm'r of Internal Revenue*, 262 F.2d 727 (9th Cir. 1958).

It is not the case that the filing of Certificates of Release of Federal Tax Liens in respect to Defendant's former spouse means that Defendant's liabilities for 1999 and 2000 "have been officially satisfied or dismissed under the law." ECF No. 68 at 9:20-10:11. "It is well settled that although a certificate of tax lien release is conclusive that the lien is extinguished, it is not conclusive that the tax liability is extinguished." *Boyer v. Comm'r of Internal Revenue*, T.C. Memo 2003-322, 86 T.C.M. (CCH) 615 (citing I.R.C. § 6325 and cases); *see also* 26 C.F.R. § 301.6325-1(a)(1) ("[i]n all cases, the liability for the payment of the tax continues until satisfaction of the tax in full or until the expiration of the statutory period for collection ..."). The Certificate of Release of Federal Tax Liens (which

references Defendant's former spouse) does not establish that Defendant has no tax liability.

Defendant repeats the frivolous arguments regarding delegation of authority to prepare returns under 26 U.S.C. § 6020(b) repeatedly made by Defendant's "expert" Mr. Bigley. ECF No. 68 at 10:18-12:16.

Section 6020(b) reads:

(b) Execution of return by Secretary.--
(1) Authority of Secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

Treasury Regulations specifically allow the Secretary to delegate the authority to prepare a return under § 6020(b) to district directors or other IRS employees. *See* 26 C.F.R. 301.6020–1(b) (authorizing the district director or other authorized internal revenue officer or employee to make the return) and 26 C.F.R. § 301.7701-9. The arguments undermining the IRS' authority to prepare returns pursuant to 26 U.S.C. § 6020(b) are of no consequence whatsoever.

Finally, the Motion to Dismiss reverts to the time-worn tax-defier arguments that there is no statute creating liability for income tax. ECF No. 12:18-13:21. The courts have consistently rejected such contentions. *Grimes v. Comm'r of Internal Revenue*, 806 F.2d 1451, 1453 (9th Cir. 1986) (*per curiam*) ("Sections 1 and 61 of the Internal Revenue Code impose a tax on income, and wages are income.").

The Second Motion to Strike

Procedurally, the Second Motion to Strike violates Local Rule 7.2(m), which provides that "[a]n objection to the admission of evidence . . . must be presented in the objecting party's responsive or reply memorandum . . . and not in a separate motion to

strike or other separate filing." LRCiv 7.2(m)(2). Defendant filed his Response to the United States' Motion for Summary Judgment, but did not include any objections to admission of evidence. ECF No. 64.

Substantively, the Second Motion to Strike makes no new arguments. Defendant renews the contention made in the First Motion to Strike, that Forms 4340 are not properly certified. ECF No 68-1 at 3. Now, as then, this argument holds no water. Forms 4340 are computer-generated documents based on electronic records in custody of the Commissioner of Internal Revenue, and are authenticated and certified according to applicable internal delegation orders. *See* I.R.M. 1.2.49 and I.R.M. 1.2.61 (Servicewide Delegation Order 11-5 and W & I Delegation Order WI 11-5-1).

The rest of the points contained in the Second Motion to Strike re-hash Mr. Bigley's detailed "expert" affidavits submitted in support of Defendant's Response to the Summary Judgment Motion. ECF No. 64. In its Reply, the United States explained why Mr. Bigley is not an expert and why his allegations are flawed and baseless (ECF No. 69) and will not repeat those arguments here.

Defendant continues his pattern of advancing frivolous arguments and attacking delegation of authority within the IRS. None of these warrant dismissal or undermine admissibility of the government's evidence.

WHEREFORE, the United States requests that the Court deny any relief requested in Defendant's Motion to Dismiss for Lack of Evidence and the Motion to Strike.

Dated: May 3, 2012.

          KATHRYN KENEALLY
          Assistant Attorney General

          By:   s/ Boris Kukso
          BORIS KUKSO
          U.S. Department of Justice

P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

Of Counsel:
ANN BIRMINGHAM SCHEEL
Acting United States Attorney

Attorneys for the United States

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO LACK OF EVIDENCE AND MOTION TO STRIKE has been made this May 3, 2012, by causing a copy thereof to be deposited in the United States Mail in a postage prepaid envelope addressed to:

Robert F. Smith Sr.
11234 S. Shoshoni Dr.
Phoenix, AZ 85044

        s/ Boris Kukso
BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice