Robert F. Smith Sr., Pro Se
11234 S. Shoshoni Dr.
PHOENIX, ARIZONA 85044
PHONE: 480 893 1769
jbobkat1@cox.net

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 10-2358-PHX – DGC |
| | ) |
| ROBERT F. SMITH | ) |
| Defendant | ) |
| Pro Se | ) |
| | ) |

**DEFENDANT'S REBUTTAL**

**TO UNITED STATES' RESPONSE TO DEFENDANT'S**

**MOTION TO DISMISS DUE TO LACK OF EVIDENCE AND MOTION TO STRIKE**

COMES NOW, the Defendant **Robert F. Smith**, a Citizen of the state of Arizona, Pro Se, and files this DEFENDANT'S REBUTTAL TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO LACK OF EVIDENCE AND MOTION TO STRIKE.

The US Supreme Court has warned all of us in *Federal Crop Insurance v. Merrill*, 332 U.S. 380. "Whatever the form in which the government functions, **anyone entering into an arrangement with the government takes a risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority**, even though the agent himself may be unaware of the limitations upon his authority." Also see *Utah Power & Light Co. v. United States*, 243 U.S. 389; *United States v. Stewart*, 311 U.S. 60 *; and generally, in re Floyd Acceptances, 7 Wall. 666. Defendant has witnessed this type of abuse by the IRS for nearly 10 years now. They simply refuse to show their authority, and they continue to break the clear letter of the law which is evidenced in this case.

Plaintiff's response is typical legal gibberish, designed for nothing more than to cloud the waters so that the facts and issues are lost or hidden. The false claim that, "the Second Motion to Strike, and the Motion to Dismiss simply re-state the points Defendant made more than once before, and many of the issues have been briefed and ruled on", **simply is not true** and could not be further from the truth.

Testimony was presented to this Court in the form of Affidavits from a computer specialist, who stated 10 different items, of which 9 have **never been presented to, or addressed** by the Court. These were presented, to rebut the presumption of correctness that the government has enjoyed in the past, with the presentment of these Forms 4340 to the Court.

After careful analyses of the newly created Forms 4340 by a computer expert, Defendant has submitted the computer expert's Affidavits indicating that the evidence presented on the Certified Forms 4340 shows *forensic*[1] evidence of alterations, changes, and editing of lines, amounts, and dates. Such changes made to the Forms 4340, destroys the presumed creditability that the data in the reports is solely from the data in the Individual Master File, and supports the suggestion that these reports can be altered in any way that the IRS see fit to do so.

---

[1] **Forensic science** (often shortened to **forensics**) is the application of a broad spectrum of sciences to answer questions of interest to a legal system.

In *U.S. v. Buford*, 889 F.2d 1406, (5th Cir. 1989), an IRS records custodian testified that she prepared a "Certificate of Assessments and Payments," Form 4340, solely from computer generated data taken from the defendant's Individual Master File.[2] Certainly the Affidavits raised some serious doubts that this is true in this case, because of some line entries dated 10-31-2011, after the Form 4340 was created and certified, on 10-27-2011.

The explanation provided by the Plaintiff for the entries dated 10-31-2011, found in several of these reports, was really not an explanation, but a confirmation and admission that they were added after the report was created, just as the computer expert's testimony stated. The Plaintiff says that this altered modified Form 4340 reflects what the Official Record would look like. This is troublesome, since the official process is, the Official Record should be updated, and the Form 4340 Report run. I believe there is no process that would allow the Form 4340 to be updated and presented to the Court, and that these changes would drive or make corrections to the Official Record or IMF records. Such entries invalidate the certification statement made by the Accounting Operations Manager, on the document.

The evidence, in whatever form that has been submitted so far in this case by the Plaintiff, has been found to be erroneous. The presumption that the IMF records are correct as presumed, has already been shattered, as evidenced by the fact that the first claim by the Plaintiff, that Defendant owed Plaintiff $223,145.82, was admitted by the Justice Department to be in error, the cause was due to inaccurate data and records kept by the IRS computer, just as Defendant had claimed.

The next claim presented by the Plaintiff, that Defendant now owed $189,230.27, was again admitted to be in error, just as Defendant claimed. This time again by inaccuracy in documents and sworn Declarations presented to the Court by Plaintiff.

---

[2] As noted, IMF data is utilized by the IRS and the Department of Justice and is purported to be in compliance with the assessment requirements set forth in § 6203 of the Internal Revenue Code and with the Treasury Regulations (26 CFR § 301.6203). The unreliability of an IRS "Certificate of Assessments and Payments" was demonstrated in *Blackston v. United States*, 778 F.Supp. 244 (D.Md. 1991), where the court commented upon the irregularities in IRS computer evidence.

The Plaintiff is now on their third claim that the proper and legal amount owed is $186,230.27. However, prima facie evidence has been presented by Declaration, which rebuts that this number is correct, because it contains assessments for the years 2001 & 2002, dated 11-22-2004, that are **NOT** in the RACS 006 Summary Record of Assessments, dated and signed 11-22-2004, as claimed and presumed by the Plaintiff. This is a very serious unearthing that the amounts assessed for the years 2001 and 2002 were not assessed properly, as is mandated by law. Therefore, without a proper legal assessment, there is no tax owing.

- Radinsky v. United States of America, 622 F.Supp. 412 (USDC, Colorado, 1985).
  *"In the two briefs filed in this action, the IRS has not explained where it finds statutory authority to employ its tax collection procedures to collect from the plaintiffs a sum of money that has never been assessed as a tax. Since the IRS had no authority to adjust the plaintiffs' account or employ deficiency procedures in these circumstances, it is self-evident that the collection of the sum in this manner was wrongful."* [Emphasis added]

- In re Western Trading Company, 340 F.Supp. 1130 (1972).
  *"The Internal Revenue Code provides for a specific procedure for assessment (26 U.S.C. § 6203). An assessment is an administrative determination of tax liability. Kurio v. United States, 281 F. Supp. 252 (S.D.Tex.1968); United States v. Miller, 318 F.2d 637 (7th Cir. 1963). And until the assessment has been made, the tax has not been found to be owing. **** The instant claim for estimated 1969 corporate income tax deficiencies does not qualify under any category. It has never been assessed, it has never "been found to be owing."* [Emphasis added]

- Bull v. US., 295 U.S. 247 at p.259. in 1935 (Justice Roberts)
  *"Some machinery must be provided for applying the rule to the facts in each taxpayer's case, in order to ascertain the amount due. The chosen instrumentality for the purpose is an administrative agency whose action is called an assessment ... Once the tax is assessed. the taxpayer will owe the sovereign the amount when the date fixed by law for payment arrives ...."* [Emphasis added]

This adjustment should reduce the currently alleged tax liability of $186,230.27 by at least $75,000. Defendant is now seeking the RACS 006 Reports for 1999 and 2000, to see if the assessments recorded in the IMF for those years, are in fact in the RACS 006

Summary Record of Assessments, for those same dates. Defendant is also waiting for the "adjustment" to be made for the years 1999 & 2000, for the amounts separately assessed to Kathryn L. Smith, and any payments to be credited as required by law. This could reduce the amount to under $45,000.00, a big difference from that claimed by the Plaintiff in this case.

It is certainly understandable why the Plaintiff wants the Court to allow Plaintiff the presumption of correctness on the Exhibits 1, 3, 7, and 10 Certified Forms 4340, which on the face have physical evidence of data alterations, which invalidates the Certification, and raises serious questions if they are creditable evidence under the law.

The Plaintiffs goes on to say in his Response; "Defendant has provided no evidence that the assessments and payments reflected on the Forms 4340 are incorrect." (Page 2 Line 1&2) This is another false statement, since Defendant has submitted a Declaration from a computer expert, which clearly shows that the amounts reported assessed on 11-22-2004, in the Forms 4340 for the years 2001 & 2002, are not included in the Summary Record of Assessments dated 11-22-2004, as is mandated by statute 26 USC § 6203, and regulation 26 CFR § 301.6203-1, in order to have a proper legal and valid assessment, because this RACS 006 report was compiled (run) three days earlier on 11-19-2004, at 07:50:58 in the morning. It is impossible for Defendant's alleged amount assessed dated 11-22-2004, to be entered into the computer on 11-19-2004, when the RACS 006 Summary Record of Assessments Report was created.

Such evidence does rebut the presumption of correctness of the Forms 4340 submitted by the Plaintiff as presumptive evidence that the assessments, were done, and all applications of law and procedures were complied with in the creation of the tax deficiency and alleged debt for the years 2001 and 2002.  This was the only evidence presented by the Plaintiff of a proper assessment. It is for this reason, that Defendant has asked the Plaintiff to produce the RACS 006 Reports for the assessments for the years 1999 & 2000.

Defendant's has submitted 4 Affidavits which clearly show some very disturbing indications of data modifications to the Forms 4340 presented to the Court, along with a Declaration that there is no proper legal assessment done for the years 2001 and 2002. Rather than rebut these affidavits in a clear and precise manner, by a person with firsthand knowledge in the form of sworn testimony, the Plaintiff has attacked the presenter of the Affidavits, claiming that he is no expert. From my point of view he is more of an expert on computer, databases, and computer generated reports, than anyone else in this case. I am sure that someone some place could question the DOJ Attorney's expertise, but having it come from an unqualified, unknowing source would be foolish. The method of attacking the messenger is a desperate method used when the message is valid, and you have no rebuttal.

The separate returns created by Kathryn L. Smith, for the tax years 1999 and 2000 in 2005 and late 2006, are in violation of Treas. Reg. §1.6013-4. As explained in the Memorandum presented by Defendant on Page 14 Line 18-26. In addition, the claim or reference to the innocent spouse defense used by the Defendant's ex-wife is again a lie. That defense must be applied for and approved within 2 years. In addition a Form 8857 must be completed, and there is no indication that it was since Defendant was not notified, as mandated by law, if it had been. There is also no indication in the IMF record which would support the claim that this defense was used. The improper reference to this defense is prejudicial against the Defendant, deceitful in nature, and certainly designed to shed a bad light upon Defendant, it ranks right up there next to name calling by the Plaintiff.

Defendant will not take the Court's time to respond to any other claims made by the Plaintiff, other than to say Defendant believes that they have no merit, and are just desperate attempts to hold onto false claims.

Based on the foregoing documents submitted, Defendant prays this Court to strike the Exhibits 1, 3, 7, and 10, and grant DEFENDANT'S MOTION TO DISMISS DUE TO LACK OF EVIDENCE AND MOTION TO STRIKE. Such determination by the Court may concern the

1   Plaintiff enough to get their facts and paperwork together correctly, before coming into Court
2   and making more false claims.
3
4
5       Executed on this 16 day of May 2012, in Phoenix, Arizona.
6
7
8                                               Robert F. Smith Sr. PRO SE
9                                               11234 S. Shoshoni Dr.
10                                              Phoenix, Arizona 85044
11

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing DEFENDANT'S REBUTTAL TO UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS DUE TO LACK OF EVIDENCE AND MOTION TO STRIKE, with attachments, has been made this _16_ day of May 2012, by depositing a copy thereof in the United States Mail in a postage prepaid envelope addressed to:

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683. Ben Franklin Station
Washington, D.C. 20044-0683

_Robert F. Smith_
Robert F. Smith Sr.
11234 S. Shoshoni Dr.
Phoenix. Arizona 85044
DEFENDANT PRO SE